UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THERESA PRYN,

                Plaintiff,

v.

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                Defendant.

Case # 16-CV-315-FPG

DECISION AND ORDER

      Theresa Pryn ("Pryn" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On July 19, 2012, Pryn protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 117-25. She alleged that she had been disabled since July 1, 2000 due to heart disease, immune deficiencies, lower back arthritis, compressed discs, pinched nerves, liver disease, kidney issues, and depression. Tr. 136. On November 14, 2013, Pryn and

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

a vocational expert ("VE") appeared and testified at a hearing before Administrative Law Judge Grenville W. Harrop, Jr. ("the ALJ"). Tr. 31-54. On August 12, 2014, the ALJ issued a decision finding that Pryn was not disabled within the meaning of the Act. Tr. 18-25. On February 25, 2016, the Appeals Council denied Pryn's request for review. Tr. 1-4. Thereafter, Pryn commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial

gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed Pryn's claim for benefits under the process described above. At step one, the ALJ found that Pryn had not engaged in substantial gainful activity from her alleged onset date through March 31, 2005, her date last insured. Tr. 20. At step two, the ALJ found that Pryn has the severe impairment of status post coronary artery bypass grafting. Tr. 20-22. At step three, the ALJ found that this impairment did not meet or medically equal an impairment in the Listings. Tr. 22.

Next, the ALJ determined that Pryn retained the RFC to perform the full range of sedentary[3] or light[4] work. Tr. 22-25. The ALJ also noted that Pryn could understand and follow daily activities, maintain her home and finances, concentrate, and socialize. Tr. 22.

At step four, the ALJ found that Pryn can perform her past relevant work as a bookkeeper. Tr. 24. The ALJ also made an alternative step five finding and relied on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App'x 2, to determine that Pryn can adjust to other work that exists in significant numbers in the national economy, such as floor attendant, counter clerk, and timekeeper. Tr. 24. Specifically, Medical-Vocational Rule 202.21 directed a finding of "not disabled" based on Pryn's RFC, age, education, and work experience. Tr. 24-25. Accordingly, the ALJ concluded that Pryn was not "disabled" under the Act. Tr. 25.

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

**II.     Analysis**

Pryn argues that remand is required because the RFC assessment is not supported by substantial evidence.[5]  ECF No. 8-1, at 15-23; ECF No. 11, at 1.  Specifically, Pryn asserts that the ALJ erred when he rejected the only medical opinion of record and then relied on his own lay opinion to determine that she could perform sedentary or light work.  ECF No. 8-1, at 20-23, ECF No. 11, at 1.  The Court agrees.

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence."  *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted).  Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself."  *Id.* (citation omitted).  Depending on the circumstances, like when the medical evidence shows only minor physical impairments, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment."  *Id.*

Here, the only medical opinion of record was provided by Pryn's treating physician Craig K. MacLean, D.O. ("Dr. MacLean") on November 21, 2013.  Tr. 991-95. Dr. MacLean diagnosed Pryn with diabetes, hypertension, hyperlipidemia, depression, history of myocardial infarction with bypass surgery, and cervical spine herniated discs, and noted that depression and

---

[5]     Pryn advances another argument that she believes requires reversal of the Commissioner's decision.  ECF No. 8-1, at 23-26.  However, because the Court disposes of this matter based on the improper RFC assessment, that argument need not be reached.

anxiety also affected her physical condition. Tr. 991. He indicated that these impairments lasted or can be expected to last at least 12 months. *Id.*

Dr. MacLean opined that, during a typical workday, Pryn would frequently to constantly experience pain or other symptoms severe enough to interfere with the attention and concentration needed to perform even simple tasks, and that she was incapable of even "low stress" jobs. Tr. 992. He indicated that Pryn could walk for 200 feet, sit for 30 minutes at a time, and stand for 15-20 minutes at a time. *Id.* Dr. MacLean also opined that Pryn could sit, stand, and walk less than two hours in an eight hour workday, would need to walk around for 15 minutes every 30 minutes, required the option to shift positions at will, would need unscheduled breaks throughout the workday, and would need to be able to elevate her legs with prolonged sitting. Tr. 933. He noted that Pryn could occasionally lift and carry ten pounds or less, rarely lift or carry 20 pounds, and never lift up to 50 pounds. *Id.* Dr. MacLean also opined that Pryn could occasionally twist, never stoop, crouch, squat, or climb ladders, and rarely climb stairs, and that she had significant limitations with reaching, handling, or fingering. Tr. 994. He estimated that Pryn was likely to be absent from work more than four days per month due to her impairments or treatment. *Id.* Finally, Dr. MacLean noted that the symptoms and limitations discussed in his medical source statement applied as of 1999. *Id.*

The ALJ briefly discussed Dr. MacLean's findings and afforded his opinion "little weight" because (1) it was a retrospective opinion that was offered more than eight years after Pryn's date last insured; (2) there was no evidence that Dr. MacLean treated Pryn during the period at issue; and (3) it was not supported by evidence in the record. Tr. 20-22. Regardless of whether the ALJ properly discounted this opinion, his rejection of the only medical opinion in the record created an evidentiary gap that requires remand. *Stein v. Colvin*, No. 15-CV-6753-

FPG, 2016 WL 7334760, at *4 (W.D.N.Y. Dec. 19, 2016); *House v. Astrue*, No. 5:11-CV-915 (GLS), 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013) (the ALJ's proper rejection of the treating physician's opinion nonetheless necessitated remand because the absence of any other medical assessment created an evidentiary gap in the record).

Even though Dr. MacLean's opinion was the only medical opinion in the record and the ALJ gave it only "little weight," the ALJ somehow concluded that Pryn was capable of performing sedentary to light work. Tr. 22-23. It is unclear to the Court how the ALJ, who is not a medical professional, was able to make this determination without reliance on a medical opinion. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the [SSA], must be careful not to succumb to the temptation to play doctor.").

The remainder of the ALJ's very brief RFC analysis merely summarizes Pryn's testimony and four treatment notes from the voluminous 1,000 page record. Tr. 23. The treatment notes that the ALJ cites contain only bare medical findings and do not address how Pryn's impairments affect her ability to perform work-related functions. *Id.* The ALJ was not permitted to render a common sense judgment about Pryn's functional capacity based on these complex treatment notes (operative reports relating to her coronary artery bypass graft surgery and evaluation notes regarding her cardiac rehabilitation). Tr. 23 (citing Tr. 187, 191, 193, 218); *Dale v. Colvin*, No. 15-CV-496-FPG, 2016 WL 4098431, at *4 (W.D.N.Y. Aug. 2, 2016) ("This evidence, which contains complex medical findings like MRI results, does not permit the ALJ to render a common sense judgment about functional capacity."). The ALJ's RFC analysis also fails to tie any of the medical evidence to the functional demands of sedentary or light work. Tr. 23. Thus, without a function-by-function assessment relating this evidence to the requirements of sedentary

or light work or reliance on a medical source's opinion as to Pryn's functional capacity, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. *See Cichocki v. Astrue*, 729 F.3d 172, 177-78 (2d Cir. 2013) (noting that the ALJ is not required to perform an explicit function-by-function RFC analysis but that "[r]emand may be appropriate . . . where other inadequacies in the ALJ's analysis frustrate meaningful review") (citation omitted).

Accordingly, for all the reasons stated, the Court finds that remand is required because the ALJ's RFC assessment is not supported by substantial evidence.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 1, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court